JjBYRNES, Chief Judge.
This pro se appeal involves the denial of a claim for personal injuries sustained in the course of appellant’s work as a nursing assistant at appellee’s nursing home, Little Sisters of the Poor Home. Although appellant provided witnesses[1] who allegedly witnessed her back injury caused by an alleged assault by one of the sisters, the trial court granted the defendant’s motion to dismiss plaintiffs claim because it found that she willfully made false statements for the purpose of obtaining workers’ compensation benefits. Additionally, the trial court assessed a civil penalty of $5,000.00 each against appellant and her witness plus costs of the proceedings, all to be paid to defendant. After reviewing the record in this matter, we affirm the trial court’s ruling
Appellant claimed that, while working at the nursing home, she injured her back when Sister Mary Frances allegedly attacked her and beat her up. Appellant *905 produced Beverly Frezel, who testified that she saw the beating. Further, Ms. Frezel testified at trial and previously in her deposition that she had never met appellant prior to the August 22, 2000 incident at the nursing home.
li)On cross-examination, however, and only after being confronted with a copy of her marriage certificate showing that her maiden name is “Irving,” the same last name as appellant’s, Beverly Frezel admitted that appellant is married to her brother. Additionally, after the fact was established that Beverly Frezel and appellant are in fact sisters-in-law, Beverly Frezel also admitted that she had eaten meals with appellant at the parents’ home, and even knew the name of appellant’s child whom she had seen on several occasions.
When appellant later testified, she admitted that her supposedly “independent” witness was indeed her sister-in-law, and that she knew Ms. Frezel was her sister-in-law before the trial, and perhaps even at Ms. Frezel’s deposition, but never divulged this information to anyone, including her own counsel, opposing counsel, or the trial court.
The trial was held on May 24, 2001. At the conclusion of appellant’s case, defendant moved for an involuntary dismissal pursuant to La. R.S. 23:1208, the anti-fraud provision of the Louisiana Workers’ Compensation Act. The trial court took the matter under advisement and on May 29, 2001, rendered judgment for defendant dismissing appellant’s claims with prejudice and ordering her to pay a civil penalty of $5,000.00 to defendant, to reimburse defendant for all medical benefits paid, and to pay all costs of the proceedings, including depositions. Additionally, the court ruled that claimant forfeited all rights for any workers’ compensation benefits for the alleged incident of August 22, 2000 and that her case was dismissed with prejudice. Finally, the OWC judge also assessed a civil penalty of $5,000.00 against Beverly Irving Frezel for her fraud to be paid to defendant.
|3In the Reasons for judgment, the trial court explained:
Summed up, claimant testified that her co-workers were out to get her, the nuns were out to get her, the treating doctors did not return her to work (they did), the police would not come to her assistance and the Orleans Parish Municipal Court employees were out to hide and ignore her case against the nuns. Claimant failed to carry her burden of proof that any of these allegations were true.
When claimant took the stand, she said little or nothing that made her a credible witness. In fact, it was just the opposite.
Claimant’s first witness, Beverly Irving Frezel, testified at her deposition and at trial that she did not know claimant before the alleged accident on August 22, 2001 [sic — the date was actually 2000] but had seen her only once at the nursing home. After being cross-examined with incriminating documents, which included a marriage certificate, Beverly Irving Frezel admitted that she was the sister-in-law of claimant, had been in her mother’s home with claimant and had shared meals with claimant. She also knows the name and age of claimant’s child. This was willful fraud under La. R.S. 23:1208.
Claimant Eva Irving testified at trial that she did not tell anyone that Beverly Irving Frezel, the only eye witness, was her sister-in-law because they might not believe her case. Under La. R.S. 23:1208, this was intentional and willful false statements or misrepresentation for the purpose of obtaining worker’s compensation benefits.
Claimant’s attorneys argued that claimant Eva Irving did not have a duty to *906 tell anyone that Beverly Irving Frezel was her sister-in-law.
This OWC Court does not agree. This was willful fraud pursuant to La. R.S. 23:1208.
In her appeal brief, appellant fails to address anything concerning her misrepresentations to the court, but merely asserts that the trial court’s judgment should be reversed because her attorney committed malpractice by: (1) advising her not to have Isaac Frezel appear to testify; and (2) failing to compel the sheriffs office to effectuate service on Sister Mary Frances.[2] Appellee argues that there is no error in the trial court’s judgment and includes in its brief | ¿numerous references to testimony from appellant that indicates her lack of honesty concerning the relationship with her sole eyewitness.
Additionally, according to the court, appellant misrepresented her medical condition and when she was released to return to work. Appellant asserts that the trial court was incorrect in its conclusion. On direct examination, appellant testified that Dr. Maumus told her she should not return to work and that when she was released from the Memorial Medical Center, she was not told that she could return to work. Dr. Maumus did not testify, but the medical records indicate that Dr. Maumus thought claimant could return on September 1, 2000, just over a week following the alleged work injury. Additionally, the discharge records from Memorial indicate that she was advised that she could return to work on August 25, 2000.
In Resweber v. Haroil Constr. Co., 94-2708 (La.9/5/95), 660 So.2d 7, the Louisiana Supreme Court set forth the requirements for forfeiture of benefits under La. R.S. 23:1208 as follows:
The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.
Resweber, 660 So.2d at 12.
In the instant case, appellant listened to her sister-in-law testify at the deposition and at trial that she did not know the claimant. Appellant knew that Ms. Frezel was lying, but did not tell anyone. She also misrepresented the medical advice concerning her condition and when she could return to work. Therefore, appellant satisfied the above requisites to justify the trial court’s order of forfeiture |sof workers’ compensation benefits pursuant to La. R.S. 23:1208 due to appellant’s fraudulent attempts to obtain benefits.
For the foregoing reasons, we affirm the trial court’s judgment in favor of defendant.
AFFIRMED.

. Appellant provided two witnesses, Beverly and Isaac Frezel, but only Beverly attended and testified at trial.

. Her attorney apparently withdrew from the case shortly after the trial court rendered its judgment.